# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

James L. Phelps, :

   Petitioner/Defendant, : Civil Action No. 10-0529-CG

v. : Criminal No. 06-00279-CG-C

United States of America, :

   Respondent. :

## REPORT AND RECOMMENDATION

Petitioner James L. Phelps, a federal prison inmate proceeding *pro se*, filed on October 12, 2010 a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 134). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). It is recommended that Phelps's § 2255 motion be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f).

## FINDINGS OF FACT

1. On March 19, 2007, Phelps entered a counseled guilty plea to Count 1 of the three-count indictment charging the offense of conspiracy to manufacture methamphetamine in violation of Title 21, U.S.C. § 846. (*Compare* Doc. 32, Order on Guilty Plea, *with* Doc. 1, Indictment.) Phelps was sentenced on July 23, 2007 to 188 months imprisonment. (*See* Docket Sheet, Minute Entry for July 23, 2007.) Judgment was entered by the Court on July 31, 2007. (Doc. 47.) Phelps did not appeal his conviction and sentence. (*See* Doc. 134, p. 3.)

2. Phelps's initial motion to vacate pursuant to 28 U.S.C. § 2255 was filed on September 27, 2010. (*See* Doc. 130). However, it was not filed using this Court's form, and the undersigned ordered Petitioner to complete and file this Court's form (*see* Doc. 132), which he did on October 12, 2010, the instant motion to vacate pursuant to 28 U.S.C. § 2255 now before this Court.

3. Within the instant motion, Petitioner acknowledges that the date of his conviction was in 2007 (Doc. 134, p. 1), but, on page six of the motion, appears to frame an argument that either Section 2255(f)(4) applies to his case or this Court should equitably toll the limitations period:

> Movant had never had any experience with Federal Law or Federal Court system prior to instant offense. Movant relied on his government appointed attorney to advise him on all aspects of the law and his case. Movant expected all manner of due diligence and that his counsel would give adequate service and effective counsel and use all possible due diligence in all aspects of his defense. After Movant was sentenced and remanded into federal custody Movant had no reason to suspect that his sentence might be incorrect. Movant was recently (July/August 2010) moved to U.S.P. Atwater, California and only at this time, while talking casually with a Law Clerk at the Prison, did Movant, through the help and assistance of the Law Clerk, ascertain that his sentence was miscalculated. (Note: the Law Clerk assisted in the writing of this motion). Movant believes his appointed attorney failed him and therefore he was not afforded all his rights per VI amendment of the United States Constitution.

(Doc. 134, p. 6.)

## **CONCLUSIONS OF LAW**

1. Rule 4 of the Rules Governing Section 2255 Cases provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss

the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4(b). Because this rule is all but identical to its § 2254, *see* 28 U.S.C. foll. § 2254, Rule 4, it is clear that a district court has the authority under this rule to dismiss frivolous habeas petitions prior to any answer by the United States. *Acosta v. Artuz*, 221 F.3d 117, 123 (2nd Cir. 2000) ("[T]he authority to raise [ ] procedural defenses *sua sponte* is consistent with the authority provided to the district courts in 2254 Habeas Rule 4 and 2255 Habeas Rule 4(b)."); *see Day v. Crosby*, 391 F.3d 1192, 1194 & 1195 (11th Cir. 2004) ("The critical difference between the ordinary civil case and a habeas case involves Rule 4 of the Rules Governing Section 2254 cases . . . . The Fifth, Fourth, and Second Circuits have concluded that '[t]his rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses.' . . . The Advisory Committee Notes to Rule 4 state that a federal district court has 'the duty . . . to screen out frivolous applications.' . . . A concession of timeliness by the state that is patently erroneous does not compromise the authority of a district court *sua sponte* to dismiss a habeas petition as untimely, under AEDPA."), *judgment aff'd sub nom. Day v. McDonough*, 547 U.S. 198 (2006); *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (finding that a district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state."); *Emerson v. United States*, No. Civ.A. 6:03-CV-030-C, 2004 WL 743914, at *1 (N.D. Tex. Apr. 7, 2004) ("Respondent United States of America [ ] has not filed an answer, but the Court has reviewed Emerson's pleadings and finds that his petition should be denied. *See* Rule 4 of the Rules Governing Section 2254 Cases . . .

3

and Rule 4(b) [,] Rules Governing Section 2255 Proceedings[.]"), *cert. denied*, 541 U.S. 1081 (2004); *United States v. Gray*, No. TCR 88-04060, TCR 93-40156-WS, 1996 WL 228461, at *16 (N.D. Fla. Apr. 24, 1996) ("Finally, Judge Coffin noted [in concurring in part and dissenting in part in *United States v. Quin*, 836 F.2d 654, 658-659 (1st Cir .1988)] that federal courts are not helpless to manage frivolous habeas or post-conviction petitions. Patently frivolous claims may be dismissed summarily without answer by the Government.").

2. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied*, 531 U.S. 971 (2000).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

3. Subsections (2) and (3) of Section 2255(f) clearly do not apply to petitioner's case. Subsection (4) likewise does not apply. Phelps is attacking the manner in which the Court determined his sentence (*see* Doc. 134, pp. 4-5), which is something Phelps "could have discovered . . . as of the date the Judgment of Conviction was entered." *United States v. Bryant*, Criminal Action No. H-03-389-18; Civil Action No. 08-2145, 2009 WL 1913259, at *2 (S.D. Tex. July 1, 2009) (holding Section 2255(f)(4) inapplicable to petition presenting claim that District Court erred in determining sentence more than one year after Judgment of Conviction entered); *see id.* (noting that "[u]nder 2255(f)(4), it is not the date [petitioner] discovered his claim, but the date he could have discovered his claim"). Therefore, the timeliness of Phelps's petition must be calculated under § 2255(f)(1) based upon the date on which his conviction became final. In this case, the Court entered judgment against Phelps on July 31, 2007. Because petitioner did not appeal his conviction or sentence, the judgment of conviction became final on August 9, 2007, ten days after it was entered. *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) ("[T]he judgment of conviction became final on February 2, 1998, ten days after it was entered."); *see* FED. R. APP. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."). Therefore, under *Mederos*, Phelps had until August 9, 2008 to timely file a collateral attack pursuant to Section 2255. Because petitioner did not file his initial Section 2255 Motion—which this Court rejected as not conforming (*see supra*)—until September 27, 2010 (*see* Doc. 130), more than twenty-five

5

(25) months after his one-year limitation period expired, this Court cannot reach the merits of petitioner's claims unless he is entitled to equitable tolling.

4. As the Supreme Court recently reiterated in *Holland v. Florida*, --- U.S. ----, 130 S. Ct. 2549 (2010), "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 2562 (citation and internal quotation marks omitted). Specifically, "[i]n the § 2255 context, equitable tolling 'is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' . . . 'The "extraordinary circumstances" standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.' . . . The ***petitioner*** has the burden of proving entitlement to equitable tolling by showing that 'extraordinary circumstances that were both beyond his control and unavoidable even with diligence' prevented filing the petition on time." *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002) (emphasis in original), *cert. denied*, 538 U.S. 947 (2003); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("We have held that equitable tolling is appropriate when a prisoner's § 2255 petition is untimely because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. . . . We have emphasized, however, that equitable tolling applies only in truly extraordinary circumstances. . . . Appellant bears the burden of establishing that he is entitled to this extraordinary relief."), *aff'd*, 544 U.S. 295 (2005); *see Diaz v. Sec'y for the Dep't of Corrections*, 362 F.3d 698, 700-701 (11th Cir.

2004) ("Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence .'").

5. In this case, petitioner has not established that the instant habeas corpus petition was timely filed, nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. *Johnson*, 340 F.3d at 1226; *Jones*, 304 F.3d at 1040; *see Johnson v. Fla. Dep't of Corrections*, 513 F.3d 1328, 1333 (11th Cir.) ("Johnson bears the burden of establishing equitable tolling."), *cert. denied sub nom. Johnson v. McNeil*, --- U.S. ----, 129 S.Ct. 348 (2008); *Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'") (quoting *Wade v. Battle*, 379 F.3d 1254, 1265 (11th Cir. 2004)). Petitioner contends that "his appointed attorney failed him and therefore he was not afforded all his rights per VI amendment of the United States Constitution"; this—according to Petitioner—caused him to have "no reason to suspect that his sentence might be incorrect" until his "casual" conversation with a "Law Clerk" at the United States Penitentiary in Atwater, California in July or August of this year. (Doc. 134, p. 6.) While it is unclear whether Petitioner is complaining about his appointed counsel's service during trial or afterwards, *see Jones v. United States*, 304

F.3d at 1040, even accepting his complaints as focused towards the late filing of the instant motion, "[s]uch vague allegations are insufficient to establish that any action by [Petitioner's] trial counsel prevented [Petitioner] from filing a timely motion seeking relief pursuant to § 2255." *United States v. Park*, No. CR S-02-0133 LKK DAD P, 2009 WL 3806232, at *4 (E.D. Cal. Nov. 12, 2009) (citation omitted); *see also McCoy v. Sheets*, No. 2:08-cv-1051, 2010 WL 1849276, at *10 (S.D. Ohio Apr. 30, 2010) ("The ordinary presumption that attorney negligence is not a ground for equitable tolling is reflective of the general rule that 'the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error.'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). Accordingly, in the undersigned's opinion this is not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period. *Johnson*, 340 F.3d at 1226; *see also Melson v. Allen*, 548 F.3d 993, 1001 (11th Cir. 2008) ("We have emphasized that '[e]quitable tolling is an extraordinary remedy that must be applied sparingly' for '[a] truly extreme case.'"), *cert. denied*, --- U.S. ----, 130 S. Ct. 254 (2009).

  6. Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of

appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as a district court can raise *sua sponte* the AEDPA statute of limitations, *see Jackson v. Sec'y for the Dep't of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002), within the context of Rule 4, *see Johnson v. Chase*, No. CV406-199, 2006 WL 2949442, at *1 (S.D. Ga. Oct. 16, 2006) ("Federal district courts are empowered pursuant to Rule 4 to raise the AEDPA's statute of limitation *sua sponte* and dismiss those actions that are time barred."), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Phelps's should be allowed to proceed further. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court

9

erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

## **CONCLUSION**

The Magistrate Judge recommends that the instant petition be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f). Petitioner is not entitled to a certificate of appealability.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 22nd day of October, 2010.

      s/ WILLIAM E. CASSADY
      **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[1] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED. R. CIV. P. 72(b)(2).

11