# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| James L. Phelps, | : | |
| --- | --- | --- |
| Petitioner/Defendant, | : | Civil Action No. 10-0529-CG |
| v. | : | Criminal No. 06-00279-CG-C |
| United States of America, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

This action was referred to the undersigned by the Clerk of Court pursuant to 28 U.S.C. § 636(b)(3),[1] and is now before the undersigned on petitioner James L. Phelps' motion for leave to appeal *in forma pauperis* (Doc. 142). Based upon a thorough review of this motion and all other pertinent pleadings in this case, it is recommended that Phelps' motion for leave to appeal *in forma pauperis* be denied on the basis that it is not taken in good faith and that he be required to pay the filing fee pursuant to 28 U.S.C. § 1915(b).

## BACKGROUND

Petitioner is presently appealing the District Court's November 5, 2010 order and judgment (Docs. 137 & 138), adopting the undersigned's October 22, 2010

---

[1] Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), the claimant does not have an opportunity to file objections. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) ("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."). Accordingly, the Clerk is directed to refer this matter to the District Judge for her consideration without the necessity of a waiting period.

recommendation made under 28 U.S.C. § 636(b)(1)(B) (Doc. 135) that Petitioner's § 2255 motion be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f) and that a certificate of appealability not be issued. (*See* Doc. 135, p. 10; *see also* Doc. 138 ("The Court further finds that the petitioner is not entitled to a certificate of appealability.").)

## **DISCUSSION**

A determination whether petitioner's motion to proceed on appeal *in forma pauperis* should be granted is informed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. *See, e.g., Ex parte Chayoon*, No. 6:06-cv-1812-Orl-19JGG, 2007 WL 1099088, *1 (M.D. Fla. Apr. 10, 2007). Section 1915(a) provides, as follows:

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.
>
> (3) *An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith*.

*Id.* (emphasis supplied). Rule 24(a) of the Federal Rules of Appellate Procedure further provides, in relevant part:

2

> (1) **Motion in the District Court.** Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>>
>> (B) claims an entitlement to redress; and
>>
>> (C) states the issues that the party intends to present on appeal.
>
> (2) **Action on the Motion.** If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

*Id.*

Thus, the test for determining whether an appeal is taken in good faith under Section 1915(a) is whether the litigant seeks appellate review of any issue that is "not frivolous." *Chayoon*, 2007 WL 1099088, at *1 (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)); *see also Parsell v. United States,* 218 F.2d 232, 235 (5th Cir. 1955) ("an appeal in forma pauperis should not, indeed may not, be allowed where it is plainly without merit").[2]

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. An issue is frivolous when is appears that the legal theories are indisputably meritless. In other words, an IFP action is frivolous, and thus not brought in good faith, if it is without arguable merit either in law or fact.

*Ghee v. Retailers Nat'l Bank*, 271 Fed. App'x 858, 859-60 (11th Cir. 2008) (internal citations and quotations omitted). "[A]n appellant's good faith subjective motivation for

---

[2] The Eleventh Circuit, in *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981. *See id.* at 1209.

appealing is not relevant, but rather [the appropriate inquiry is] whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Kirklewski v. Hamilton*, No. 3:07cv193, 2008 WL 906011, *1 (S.D. Ohio Mar. 3, 2008); *see also Coppedge*, 369 U.S. at 445.

Having thoroughly examined the timeliness of Petitioner's § 2255 motion (*see, e.g.,* Doc. 135, Conclusions of Law, ¶¶ 3 (examining inapplicability of § 2255(f)(4)) & 5 (explaining inapplicability of equitable tolling)), the undersigned cannot now find, objectively speaking, that reexamining that question is a non-frivolous issue to be litigated on appeal. *See Hernandez-Sendejas v. United States*, No. 02-10117, 2005 WL 578155, at *1 (D. Kan. Mar. 7, 2005) ("The court has reviewed petitioner's application and declaration and finds that plaintiff should not be authorized to proceed in forma pauperis," because among other reasons, "petitioner would be unable to obtain relief under the provisions of 28 U.S.C. § 2255 because more than one year has elapsed since the judgment became final," and—like Petitioner here—no other provisions of that section, "which permit the one year period of limitation to be calculated differently," apply); *Griffin v. United States*, No. 4:10-CV-108, 2010 WL 4316879, at *2 (S.D. Ga. Oct. 26, 2010) (denying motion for leave to proceed *in forma pauperis* on appeal where "reasonable jurists would agree that Griffin was not diligent in pursuing 2255 relief," and finding—as the undersigned did in this case (Doc. 135, Conclusions of Law, ¶¶ 4-5)—that any "equitable tolling argument is without merit under an objective standard").

## **CONCLUSION**

Accordingly, the Magistrate Judge recommends that the District Judge deny the petitioner's motion to proceed *in forma pauperis* on appeal (Doc. 142) and certify in writing, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A), that the appeal is not taken in good faith.

**DONE** this the 17th day of February, 2011.

/s/ WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**