```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

```
JAMES L. PHELPS,              *
                              *
          Petitioner,         *
vs.                           *   CRIMINAL NO. 06-00279-CG-B
                              *   CIVIL ACTION NO. 16-00277-CG-B
UNITED STATES OF AMERICA,     *
                              *
          Respondent.         *
```

**REPORT AND RECOMMENDATION**

Pending before the Court is Petitioner James L. Phelps' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 168) and the Government's Motion to Dismiss in response thereto. (Doc. 174). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration.[1] Having carefully reviewed the record, the undersigned finds that no evidentiary hearing is necessary for the disposition of this matter.[2] Upon

---

[1] The Honorable Senior United States District Judge Callie V.S. Granade presided over the proceedings in this action. The undersigned has reviewed Phelps' motion and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Judge Granade.

[2] A district court is not required to hold an evidentiary hearing for patently frivolous claims, claims which are based upon unsupported generalizations, or claims that are affirmatively contradicted by the record. Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989); accord Lacey v. United States, 2019

consideration, the undersigned hereby recommends that Phelps' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 168) be **DENIED**, that Respondent's Motion to Dismiss (Doc. 174) be **GRANTED**, that this action be **DISMISSED**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, James L. Phelps. The undersigned also recommends that should Phelps file a certificate of appealability, it should be denied as he is not entitled to appeal *in forma pauperis.*

I.     **PROCEDURAL BACKGROUND**

Petitioner James L. Phelps was indicted on December 27, 2006, on three drug-related counts, namely: (1) conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846; (2) possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and (3) possession of pseudoephedrine with the intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(1). (Doc. 1). On March 19, 2007, Phelps entered a guilty plea to Count One of the indictment, conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846, pursuant to a plea agreement. (Doc. 32).

On July 23, 2007, the United States Probation and Pretrial Services System generated a presentence investigation report

---

U.S. App. LEXIS 4329, *5, 2019 WL 582033, *2 (11th Cir. Feb. 13, 2019).

2

detailing Phelps' criminal history. (Doc. 46). Included in that history were a 1993 conviction for conspiracy to possess with intent to distribute LSD in the Southern District of Alabama and a 2003 conviction for attempted unlawful possession of anhydrous ammonia in the Circuit Court of Baldwin County, Alabama. (Id. at 11-12). Based on his current and previous convictions, Phelps was designated a career offender pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. (Id. at 9, 14).

On July 23, 2007, Phelps was sentenced to 188 months incarceration. (Doc. 47 at 2). He did not appeal his sentence.

On September 10, 2010, Phelps filed his first motion seeking collateral relief under 28 U.S.C. § 2255. (Doc. 130). In that petition, Phelps argued that he was improperly sentenced as a career offender under the sentencing guidelines because his conviction in the Baldwin County Circuit Court should not have counted as one of the convictions that led to his career offender designation. (Id. at 2). After re-filing his petition on the Court's required forms on October 5, 2010, Phelps' first § 2255 motion was dismissed as time-barred pursuant to 28 U.S.C. § 2255(f). (Docs. 135, 137).

On May 11, 2016, Phelps filed the instant petition, alleging that his sentence is unconstitutional for essentially two reasons: (1) the United States Supreme Court's ruling in Johnson v. United States, __U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), that

3

the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague, should likewise apply to the sentencing guidelines used in this case and render those similar provisions unconstitutionally vague; and (2) his prior conviction in the Baldwin County Circuit Court should not have been used for purposes of designating him a career offender under the sentencing guidelines, as it did not involve a crime of violence or a "controlled substance" offense.  (Doc. 168 at 3).

In Respondent's motion to dismiss filed on June 14, 2016, the Government argued that Johnson was inapplicable to the instant case.  (Doc. 174).  On that same date, the Court issued an order directing Phelps to show cause why Johnson should apply to his case.  (Doc. 175).  In his response, Phelps essentially reiterated his previous grounds for relief.  (Doc. 178 at 3).  On July 7, 2016, the Court stayed Phelps' action pending the United States Supreme Court's ruling in Beckles v. United States, 2016 WL 1209080 (U.S. June 27, 2016), *granting certiorari in* Beckles v. United States, 616 Fed. Appx. 415 (11th Cir. 2015), for a determination of whether the rule articulated in Johnson should apply to the sentencing guidelines at issue in the instant case.  (Doc. 181).

This motion is now ripe for review.

## II.  HABEAS STANDARD

The limited scope of habeas relief is well established, as this Court has recognized:

4

> Collateral relief is an extraordinary remedy which "may not do service for a [] [direct] appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); see also Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Frady, 456 U.S. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. United States v. Addonizio, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack . . . A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings. The appellate process does not permit reruns." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979).

United States v. Evans, 2008 WL 3200694, *3, 2008 U.S. Dist. LEXIS 59836, *8-9 (S.D. Ala. Aug. 4, 2008).

**III. DISCUSSION**

As stated, Phelps claims in his motion to vacate that he is entitled to collateral relief because of the Supreme Court's ruling in Johnson v. United States, __U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), and because his conviction in the Baldwin County Circuit Court for possession of anhydrous ammonia was neither a crime of violence nor a "controlled substance;" thus, it should not have been used to enhance his sentence as a career offender

5

under the sentencing guidelines.  For the following reasons, the Court finds that Phelps' arguments are without merit.

### A. **Johnson and Beckles**.

In Johnson v. United States, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court held that the residual clause of the ACCA, set forth in 18 U.S.C § 924(e), is unconstitutionally vague because it creates "uncertainty about how to estimate the risk posed by a crime[ ]" and also "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony."[3] Id., 135 S. Ct. at 2557-58, 2563 (holding that

---

[3] The court explained:

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Johnson v. United States*, 559 U.S. 133, 136, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010). The Act defines "violent felony" as follows:
>
> "any crime punishable by imprisonment for a term exceeding one year ... that—
>
> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, *or otherwise*

the imposition of an enhanced sentence under the ACCA's residual clause with respect to an individual who pleaded guilty to 18 U.S.C. § 922(g), prohibiting a convicted felon from possessing a firearm, violated the Constitution's guarantee of due process); see also Welch v. United States, 136 S. Ct. 1257, 1268 (2016) (holding that Johnson applied retroactively on collateral review).

In the instant case, Phelps pleaded guilty to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846. (Doc. 32). However, unlike the petitioner in Johnson, Phelps was *not* sentenced under the ACCA.[4] (Docs. 46 at 9; Doc. 47).

---

> *involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B) (emphasis added).
>
> The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

Johnson, 135 S. Ct. at 2555-56.

[4] As discussed herein, Phelps was designated a career offender under U.S.S.G. § 4B1.1(a) (2002), which was in effect at the time of his sentencing and provided that a criminal defendant was a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

7

Therefore, Phelps' claims based on the Johnson decision necessarily fail. See Petty v. United States, 2018 U.S. Dist. LEXIS 33506, *5, 2018 WL 1135513, *2-3 (N.D. Tex. Jan. 16, 2018), *report and recommendation adopted*, 2018 WL 1083835 (N.D. Tex. Feb. 28, 2018) ("Movant was not sentenced under the ACCA. He contends that the residual clause of a sentencing guideline is unconstitutional in light of Johnson. Johnson does not apply to the sentencing guidelines, and the guidelines are not subject to a vagueness challenge under the Due Process Clause.") (citing Beckles v. United States, 137 S. Ct. 886, 895 (2017)).

Indeed, on March 6, 2017, the United States Supreme Court decided Beckles v. United States, __ U.S. __, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017), holding that, unlike the ACCA, "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." Id., 137 S. Ct. at 890, 892. The Court stated: "Unlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause." Id., 137 S. Ct. at 892.

In so holding, the court rejected any argument based on Johnson that the residual clause in § 4B1.2(a)(2) of the advisory

guidelines is void for vagueness.[5] Even before the Supreme Court's decision in Beckles, the Eleventh Circuit held that Johnson did not invalidate the residual clause in the sentencing guidelines, U.S.S.G. § 4B1.2(a)(2). See United States v. Matchett, 802 F.3d 1185, 1193-96 (2015), *cert. denied*, 137 S. Ct. 1344, 197 L. Ed. 2d 532 (2017); accord Lester v. United States, 2019 U.S. App. LEXIS 12859, 2019 WL 1896580, *1 (11th Cir. Apr. 29, 2019)(prisoners sentenced as career offenders under the sentencing guidelines "cannot benefit from Johnson because . . . the void-for-vagueness doctrine does not apply to the Sentencing Guidelines.").[6]

---

[5] The guidelines "residual clause" in effect at the time of Phelps' sentencing, provided:

> (a)  The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.  U.S.S.G. 4B1.2(a) (2004).

[6] The court noted in Lester that the void-for-vagueness doctrine of Johnson does not apply to the sentencing guidelines regardless of whether the prisoner was sentenced before or after the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L. Ed. 2d 621 (2005), which held that the sentencing guidelines were not mandatory, but only advisory. See Lester, 2019 U.S. App. LEXIS 12859, 2019 WL 1896580, *1 (11th Cir. Apr.

Accordingly, based on the foregoing authorities, any claim made by Phelps challenging his career offender designation under the sentencing guidelines on the basis of Johnson is clearly foreclosed.

B. **Untimeliness of the Petition**.

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") provides that:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
>     (1) the date on which the judgment of conviction becomes final;
>
>     (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>     (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As discussed, the Court previously dismissed Phelps' first motion to vacate as untimely on November 5, 2010.  (Doc. 137).

---

29, 2019) (citing In re Griffin, 823 F.3d 1350, 1356 (11th Cir. 2016)).

Indeed, as discussed, Phelps was sentenced and judgment was entered by this Court on July 23, 2007 (Doc. 47), and because he did not appeal his sentence to the Eleventh Circuit Court of Appeals, his judgment became final ten (10) days after it was entered, or on August 2, 2007. Akins v. United States, 204 F.3d 1086, 1091 n.1 (11th Cir. 2000) ("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."). See Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of the judgment or order being appealed . . .").[7] Accordingly, Phelps had until August 2, 2008, to timely file his § 2255 petition.[8] See 28 U.S.C. § 2255(f)(1). Phelps did not file his first § 2255 motion to vacate until September 10, 2010, more than two years after the limitation period expired (Doc. 130), and the Court dismissed that petition as time-barred. (Doc. 137). Likewise, Phelps' current motion to vacate, filed May 11, 2016, is due to be dismissed because of its obvious untimeliness.

Although Phelps argues in his motion to vacate that he can

---

[7] The Federal Rules of Appellate Procedure were amended in 2009 to extend the time period for filing an appeal to fourteen (14) days.

[8] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

11

re-start the limitations period under 28 U.S.C. § 2255(f)(3) due to the Supreme Court's Johnson ruling (Doc. 168 at 8), the Court has determined for the reasons previously discussed that Johnson is inapplicable to the present case. See Petty, 2018 U.S. Dist. LEXIS 33506 at *5, 2018 WL 1135513 at *2-3 ("Johnson did not announce a newly recognized right regarding the constitutionality of the sentencing guidelines, so § 2255(f)(3) does not apply."). Therefore, this argument is unavailing, and Phelps asserts no other grounds that would excuse his untimeliness.

Accordingly, for each of the foregoing reasons, Phelps' motion to vacate (Doc. 168) is due to be **DENIED**.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983), includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Petitioner's petition does not warrant the issuance of a Certificate of Appealability. Reasonable jurists could not debate whether Petitioner's claims should be resolved in a different manner or that Petitioner deserves to proceed further. The recommendation that Petitioner's claim be denied is based on the straightforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of the instant claim on the record presented. As a result, Petitioner is not entitled to a certificate of appealability, and consequently, should not be permitted to proceed *in forma pauperis* on appeal.

## CONCLUSION

For the foregoing reasons, it is recommended that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 168) be **DENIED**, that Respondent's motion to dismiss be **GRANTED** (Doc. 174), that this action be **DISMISSED**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, James L. Phelps. The undersigned Magistrate Judge further opines that Petitioner is not entitled to the issuance of a certificate of appealability or the option to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects

14

to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1*. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

  **DONE** this **3rd** day of **May, 2019.**

                  **/s/ SONJA F. BIVINS**
                **UNITED STATES MAGISTRATE JUDGE**